UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA SIBLANI, #335313,

                    Petitioner,

                                        CASE NO. 2:14-CV-13623
v.                                      HONORABLE NANCY G. EDMUNDS

MILLICENT WARREN,

                    Respondent.
_____/

### OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

Michigan prisoner Angela Siblani ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that she is being held in violation of her constitutional rights.  Petitioner was convicted of armed robbery, MICH. COMP. LAWS § 750.526, following a jury trial in the Wayne County Circuit Court in 2011 and was sentenced to 6 to 20 years imprisonment in 2012.  In her pleadings, she raises claims concerning the jury instructions and the effectiveness of trial counsel.

Promptly after the filing of a habeas petition, a federal district court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243.  If, after preliminary consideration, the court determines that the petitioner is not entitled to relief, the court must summarily dismiss the petition.  *Id.*, *see also Allen v. Perini*, 424 F.2d 134,

141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). The court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

After undertaking the review required by Rule 4, the Court finds that the habeas claims lack merit and denies the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

## II.   Facts and Procedural History

Petitioner's conviction arises from the armed robbery of a man whom she brought to her apartment for a paid sexual act in Detroit, Michigan in 2011. For purposes of this opinion, the Court accepts the statement of facts set forth in Petitioner's brief on state direct appeal. *See* Pet. Exh. D, App. Brief, pp. 7-13.

Following her conviction and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising the same two claims presented on habeas review. The court denied relief on those claims and affirmed Petitioner's conviction. *People v. Siblani*, No. 3313760 (Mich. Ct. App. Jan. 16, 2014) (unpublished). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Siblani*, 496 Mich. 860, 847 N.W.2d 509 (2014).

2

Petitioner then filed her federal habeas petition.  She raises the following claims:

I.      She was denied the effective assistance of counsel because her attorney did not request that the judge instruct the jury that it must unanimously agree on the factual theory of the crime.

II.     She was denied due process because the trial court neglected its duty, in the absence of a request from counsel, to instruct the jury that to convict on the armed robbery charge it must unanimously agree on the factual theory of the crime.  In the alternative, trial counsel was ineffective for not requesting such instructions.

## III.    Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'"  *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003).  Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id.*  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's

4

rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

5

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV.    Analysis

### A.    Jury Instruction Claim

Petitioner asserts that she is entitled to habeas relief because the trial court failed to instruct the jury that it must unanimously agree on the factual theory of the crime to convict her of armed robbery. According to Petitioner, there was testimony that a gun and/or a cane were used in the incident such that the jury may not have agreed on the underlying weapon used to support her armed robbery conviction.

In order for habeas relief to be warranted on the basis of incorrect jury instructions, a petitioner must show more than that the instructions are undesirable, erroneous or universally condemned. Rather, taken as a whole, they must be so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977). If an instruction is ambiguous and not necessarily erroneous, it violates the Constitution only if there is a reasonable likelihood that the jury applied the instruction improperly. *Binder v. Stegall*, 198 F.3d 177, 179 (6th Cir. 1999). A jury instruction is not to be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. *Grant v. Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996). Also, the failure to give an instruction that is supported by the evidence does not automatically justify habeas relief – the failure to

6

instruct must have rendered the trial fundamentally unfair. *Cupp v. Naughten*, 414 U.S. 141, 147 (1973); *Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007). A failure to instruct does not cause fundamental unfairness when the instructions as a whole adequately present the defense theory to the jury. *Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson*, 431 U.S. at 155. State law instructional errors rarely form the basis for federal habeas relief. *Estelle*, 502 U.S. at 71-72.

The Michigan Court of Appeals rendered the last reasoned decision on this claim and denied relief. The court explained:

> A jury verdict must be unanimous. MCR 6.410(B). The trial court must properly instruct the jury of this unanimity requirement. *People v Cooks*, 446 Mich 503, 512; 521 NW2d 275 (1994); *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998). While the trial court provided the jury with a general unanimity instruction, defendant contends that the jury should have been given a specific unanimity instruction since there were two bases for the underlying armed robbery count. "In some circumstances, a general unanimity instruction . . . is not adequate to ensure a defendant's right to a unanimous jury verdict." *People v Gadomski*, 232 Mich App 24, 30; 592 NW2d 75 (1998). One circumstance where a general unanimity instruction is insufficient is "when the prosecution offers evidence of multiple acts by a defendant, each of which would satisfy the *actus reus* element of a single charged offense." *Id.* (emphasis added), citing *Cooks*, 446 Mich at 530. Here, only one act of robbery was alleged, with multiple theories regarding the weapon with which it was committed. And this Court has established that such "multitheory" cases do not fall under the rule of *Cooks. People v Lynn*, 223 Mich App 364, 367 n 1; 566 NW2d 45 (1997). As a result, defendant was not denied a fair trial by virtue of the trial court failing to provide the instruction.

*Siblani*, No. 313760 at *3.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, to the extent that Petitioner asserts a violation of Michigan law or the Michigan Constitution, she is not entitled to relief.

Such a claim is not cognizable on federal habeas review because it is a state law claim. *See Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68. Petitioner thus fails to state a claim upon which relief may be granted as to any such claim.

Second, while Michigan law provides a right to a unanimous verdict in criminal cases, there is no federal constitutional right to a unanimous verdict in a state criminal trial. *See Apodaca v. Oregon*, 406 U.S. 404, 406 (1972) (state criminal conviction by less than unanimous jury does not violate Sixth Amendment right to trial by jury); *see also Richardson v. United States*, 536 U.S. 813, 821 (1999) ("this Court has not held that the Constitution imposes a jury-unanimity requirement in state cases"); *Schad v. Arizona*, 510 U.S. 624, 631 (1991); *Brown v. Louisiana*, 447 U.S. 323, 330-31 (1980). Consequently, a jury unanimity claim arising from a state criminal trial fails to provide a basis for federal habeas relief.

Third, neither state nor federal law guarantee a criminal defendant the right to jury unanimity on the factual basis or theory for a crime. *See People v Lynn*, 223 Mich. App. 364, 367 n. 1, 566 N.W.2d 45 (1997); *Richardson*, 526 U.S. at 817 (distinguishing between elements of a crime, which must be determined unanimously, and the means by which an element may be accomplished); *Schad*, 510 U.S. at 631-32 (conviction for first-degree murder with instruction that did not require jury to unanimously agree on one of the

8

alternate theories of premeditated and felony murder did not violate due process); *United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (under federal firearm statute, jury need not be instructed that it must unanimously find possession of a particular weapon); *Rogers v. Howes*, 64 F. App'x. 450, 454 (6th Cir. 2003) (citing *Schad* and ruling that a jury is not required to agree upon a theory of guilt); *Brown v. Bergh*, No. 2:11-CV-10571, 2013 WL 2338415, *6 (E.D. Mich. May, 29, 2013) (denying habeas relief on similar claim). Petitioner thus fails to state a claim upon which relief may be granted as to this issue.

Moreover, Petitioner admits that the trial court gave a general unanimity instruction and the jury convicted her of armed robbery under those instructions. Petitioner has not shown that the jury instructions, as given, were improper – or that they rendered her trial fundamentally unfair. She received all of the process she was due. Habeas relief is not warranted on this claim.

### B.    Effectiveness of Trial Counsel

Petitioner relatedly asserts that she is entitled to habeas relief because trial counsel was ineffective for failing to request the aforementioned specific unanimity jury instruction. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Id.* at 687. Second, the petitioner must establish that counsel's deficient

9

performance prejudiced the defense.  Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal.  *Id.*

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance."  *Id.* at 690.  The reviewing court's scrutiny of counsel's performance is highly deferential.  *Id.* at 689.  There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  *Id.* at 690.  The petitioner bears the burden of overcoming the presumption that the disputed actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding.  *Id.*  "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."  *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance.  "The standards created by Strickland and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."  *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted).  "When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there

is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id.*

The Michigan Court of Appeals rendered the last reasoned decision on this issue and denied relief.  The court ruled that Petitioner was not denied the effective assistance of trial counsel because the underlying jury instruction claim lacked merit and counsel did not have a duty to make a meritless argument.  *Siblani*, No. 313760 at *3-4.

The state court's denial of relief is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.  Given the state court's ruling and this Court's determination that the underlying jury instruction claim lacks merit, Petitioner cannot establish that counsel erred and/or that she was prejudiced by counsel's conduct in not requesting the specific unanimity instruction.  Counsel cannot be ineffective for failing to make a futile or meritless request.  *See Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000).  Habeas relief is not warranted on this claim.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner's claims lack merit and that she is not entitled to federal habeas relief.  Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** her petition for a writ of habeas corpus.

Before Petitioner may appeal this decision, a certificate of appealability must issue.  *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court denies relief on the merits, the

substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner has not done so. She fails to make a substantial showing of the denial of a constitutional right as to her claims. Accordingly, the Court **DENIES** certificate of appealability. Lastly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

**IT IS SO ORDERED**.

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2014

12